### KAMPSKY v. HAYUNGA.

(Supreme Court, Appellate Term. April 29, 1910.)

APPEAL AND ERROR (§ 1046*)—MISCONDUCT OF JUDGE—REVERSAL.

　　Where in an action in which the mere recital of plaintiff's case was calculated to prejudice the jury against defendant, the trial court repeatedly sustained objections to questions which were proper, though unimportant, and maintained an apparently hostile attitude towards defendant's counsel, so that the jury might have been prejudiced against defendant, the judgment will be reversed, though the erroneous rulings would not of themselves have been ground for reversal.

　　[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1046.*]

　　Gavegan, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Mary Kampsky against George Hayunga. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and GAVEGAN, JJ.

Myer Kronacher, for appellant.

Michael Schneiderman (Gino C. Speranza, of counsel), for respondent.

SEABURY, J. The issue in this case was a narrow one. The plaintiff's story was such as to appeal strongly to the sympathy of the jury,

and likely by its mere recitation to arouse prejudice against the defendant. In view of this situation, I think that the attitude of the learned trial court was well calculated to prejudice the jury against the cause of the defendant. The court repeatedly sustained objection to questions propounded by the defendant's counsel which were in themselves proper. It is true that these questions were not very important, and the rulings upon them, while erroneous, would, if considered alone, be insufficient to justify a reversal of the judgment. When these rulings are considered in connection with the attitude of apparent hostility which the learned court maintained toward the counsel for the defendant, I think it becomes evident that the jury may well have been prejudiced against the defendant.

Nothing is of greater importance than that all litigants, no matter what the charge against them may be, should have a fair trial. A careful examination of this record has impressed me with the opinion that this defendant was not accorded such a trial, and in the interests of justice I think that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

LEHMAN, J., concurs.

GAVEGAN, J. (dissenting). While the record on this appeal discloses incidents in the trial of the case which are most regrettable, I do not consider that the verdict of the jury was influenced in any degree by the attitude of the court towards the defendant's counsel. Believing, as I do, that the defendant's own testimony discredited him in the minds of the jury, I think the verdict should stand, and that the plaintiff should not be compelled to go to trial again on the issues which were found in her favor.

. The judgment should be affirmed, with costs to the respondent.